UNITED STATES DISTRICT COURT                                          JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 13-1955-JFW (SPx)**                          Date:  December 2, 2013

Title:      Paul Stemple -v- Credit Acceptance Corporation

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
      None                                                    None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING DEFENDANT CREDIT ACCEPTANCE CORPORATIONS' MOTION TO COMPEL ARBITRATION [filed 11/1/13; Docket No. 6]

      On November 1, 2013, Defendant Credit Acceptance Corporation ("Defendant") filed a Motion to Compel Arbitration ("Motion").  Plaintiff Paul Stemple ("Plaintiff") did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 16, 2013 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

      Pursuant to Local Rule 7-9, Plaintiff was required to file and serve his Opposition or Notice of Non-Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion."  *See* Local Rule 7-9.  Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."  *See* Local Rule 7-12.  As of the date of this Order, Plaintiff has not filed an Opposition to Defendant's Motion.  Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendant's Motion.  In addition, the Court has independently considered Defendant's Motion on its merits, and rules as follows:

      The Federal Arbitration Act ("FAA") applies to "a contract evidencing a transaction involving commerce."  9 U.S.C. § 2.  Any arbitration agreement within the FAA's scope "shall be valid, irrevocable, and enforceable" and permits a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" to file a petition in the district court for an order compelling arbitration.  9 U.S.C. §§ 2 & 4.  The Court, "upon being satisfied that the making of the agreement for arbitration . . . is not in issue . . . shall make an order directing the parties to proceed to

arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. By the terms of the FAA, the district court shall direct the parties to proceed to arbitration with regard to issues which the relevant arbitration agreement covers, and thus there is no place for the exercise of discretion by the district court. *See Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citation and quotation omitted). Additionally, a party to a lawsuit pending in federal court may request that the court stay the court proceedings pending the outcome of the arbitration proceedings. 9 U.S.C. § 3; *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996).

Thus, the court's role under the FAA is limited to determining: (1) whether the arbitration agreement is valid and enforceable; and (2) whether the claims asserted are within the purview of the arbitration agreement. *See Howard Elec. & Mech. Co., Inc. v. Frank Brisco Co., Inc.*, 754 F.2d 847, 849 (9th Cir.1985); *Bischoff v. Direct TV, Inc.*, 180 F. Supp. 2d 1097, 1102 (C.D. Cal. 2002). The FAA evinces a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1985). Thus, a court must look at questions of arbitrability with the federal policy favoring arbitration in mind. *See id.*

In this case, the Court concludes that the arbitration clause in each of the two Retail Installment Sales Contracts between Plaintiff and Defendant are valid and enforceable, and the claims asserted by Plaintiff in his Complaint are within the purview of the arbitration agreement. Accordingly, Defendant's Motion is **GRANTED**. This action is **DISMISSED without prejudice**.

IT IS SO ORDERED.